# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**CASE NO.: 1:06-CR-028-SPM**

**DIPNARINE MAHARAJ and**
**JACQUELINE GOUVEA,**

    **Defendants.**

_____/

## ORDER TRANSFERRING CASE

**THIS CAUSE** comes before the Court upon Defendants' motion to dismiss the indictment or transfer proceedings (doc. 33) filed December 14, 2006; the Government's response (doc. 34) filed January 10, 2007; and Defendants' reply (doc. 35-2) filed January 23, 2007. Defendants claim that the indictment should be dismissed for lack of venue, duplicity, and "non-compliance with Fifth and Sixth Amendment guarantees." See doc. 33. Alternatively, Defendants request that the case be transferred to the United States District Court for the Southern District of Florida.

Federal Rule of Criminal Procedure 21(b) provides that a court may transfer proceedings "[f]or the convenience of parties and witnesses[] and in the interest of justice . . . ." Such transfer is within the sound discretion of the trial

court. United States v. Noland, 495 F.2d 529, 534 (11th Cir. 1974)(citations omitted).  The rule is broad; the 1966 amendments to the Rule note that a court may even transfer a case to a district in which no part of the offense was committed.

Here, Defendants cite four of the ten factors listed in Platt v. Minnesota Min. & Mfg. Co., 376 U.S. 240, 243-44 (1964) in support of their transfer argument: 1) location of defendants; 2) location of witnesses; 3) location of events; and 4) location of documents and records.[1]  In contrast, the Government urges that venue is proper in the Northern District because one or more overt acts occurred here; because the offenses of mail fraud and false statement can encompass multiple jurisdictions; and because a conspiracy case can be prosecuted wherever an overt act occurred.  The Government adds that a substantial number of important documents are also located in the Northern District.

The Court finds that convenience dictates a transfer in this case.  Here, the witnesses, defendants, events, and many documents reside or are located in the Southern District of Florida.  It stands to reason that litigation would be much

---

[1] Wright and Miller note that many lower courts have used the Platt factors in deciding Rule 21(b) motions "even though the Supreme Court did not expressly approve them, the Supreme Court decision was prior to the 1966 amendment of the rule, and the Supreme Court case involved a corporate defendant rather than an individual defendant."  2 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 344 (3d ed. 2000).  Although the rule does not require that a court utilize these factors, they are useful in the instant case.

Case 1:06-cr-00028-SPM-AK   Document 36   Filed 01/31/07   Page 3 of 3

Page 3 of 3

more efficient and convenient if carried out in the district containing the people, places, and documents at issue. Any documents currently held by the Northern District FBI can easily be mailed or otherwise sent to a Southern District FBI field office. Finally, the assistant United States attorney prosecuting the case states that unsealing search warrants executed in Palm Beach would be impossible because he is not a member of the Southern District bar and is prohibited from filing pleadings there.

Having found that the Southern District of Florida is a more appropriate venue for this prosecution, it is

**ORDERED AND ADJUDGED** as follows:

1. The motion to dismiss or change venue (doc. 33) is hereby *granted* to the extent that the case should be prosecuted in the Southern District of Florida.

2. The Court expresses no opinion on the merits of the argument presented in the motion that the indictment should be dismissed in its entirety.

3. The clerk shall take all steps necessary to immediately effectuate transfer of this case to the United States District Court for the Southern District of Florida.

**DONE AND ORDERED** this <u>thirtieth</u> day of January, 2007.

           *s/ Stephan P. Mickle*
           Stephan P. Mickle
           United States District Judge